UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GOVERNMENT EMPLOYEES HEALTH ASSOCIATION,**

    **Plaintiff,**

  **v.**

**ACTELION PHARMACEUTICALS, LTD.,** *et al.*,

    **Defendants.**

           **Miscellaneous Action 2:22-mc-37**
           **Judge Michael H. Watson**
           **Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

   This matter is before the Court on Plaintiff Government Employees Health Association's Motion to Compel Compliance of Hikma Labs Inc. with Subpoena for 30(b)(6) Testimony. (ECF No. 1.) For the following reasons, the Motion to Compel is **TRANSFERRED** to the District of Maryland pursuant to Federal Rule of Civil Procedure 45(f).

## I.   BACKGROUND

   The subpoena in question arises out of underlying litigation pending in the District of Maryland, captioned *Government Employees Health Association v. Actelion Pharmaceuticals Ltd., et al.*, No. 1:18-cv-3560 (the "Maryland litigation"). The Maryland litigation is an antitrust action in which Plaintiff alleges that Defendant Actelion Pharmaceuticals, Ltd., the manufacturer of Tracleer (the brand name for the drug bosentan), engaged in an anticompetitive scheme to prolong its bosentan monopoly. Plaintiff alleges that would-be competitors, including nonparty Hikma, began working on generic versions of bosentan as early as 2009, but Actelion's scheme

blocked or delayed them from filing applications for approval from the FDA. (Plaintiff's Mot. to Compel 2, ECF No. 1-1.)

As part of the Maryland litigation, Plaintiff served Hikma with subpoenas on June 21, 2021, requesting document production and a deposition under Federal Rule of Civil Procedure 30(b)(6). Hikma's document production does not appear to be in dispute. However, Hikma has not agreed to produce a witness for deposition under Rule 30(b)(6). After Hikma's counsel asserted that the June 21, 2021 deposition subpoena had "expired," Plaintiff served Hikma on September 2, 2022 with a second subpoena for Rule 30(b)(6) deposition testimony, setting the deposition for September 22, 2022. (Subpoena, ECF No. 1-4.) Hikma served written objections to the subpoena on grounds of undue burden. Plaintiff represents that it made extensive efforts to narrow the deposition topics originally noticed and rescheduled the deposition for October 3, 2022. However, on Friday, September 30, 2022, Hikma's counsel emailed Plaintiff's counsel, stating that Hikma was still evaluating Plaintiff's request for a deposition, and, in any case, Hikma was unavailable to sit for a deposition on October 3.

Plaintiff filed the subject Motion to Compel on October 3, 2022. (ECF No. 1.) Discovery in the Maryland litigation closes on November 3, 2022. (D. Md. Case No. 1:18-3560, ECF No. 167.)

## II.     STANDARDS GOVERNING SUBPOENAS

Under Rule 45 of the Federal Rules of Civil Procedure, a party may command a nonparty to attend and testify at a deposition. Fed. R. Civ. P. 45(a). Rule 45 permits the Court to quash a subpoena that subjects a nonparty to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). Although Rule 45 does not specifically include irrelevance as a basis for quashing a subpoena, "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (internal citation and

quotation marks omitted). When a nonparty challenges a subpoena on grounds that the request is over-burdensome, the party seeking the discovery must establish that the information sought is relevant. *See Spartanburg Reg. Healthcare Sys. v. Hillenbrand Indus.*, No. 1:05-mc-107, 2005 WL 2045818, at *4 (W.D. Mich. Aug. 24, 2005). Courts will balance the need for the discovery against the burden imposed on the subpoena recipient, and that person's status as a nonparty is a factor weighing against disclosure. *See State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016) (quoting *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993)).

Rule 45(f) also permits the transfer of a motion to compel compliance with a subpoena "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("In the absence of consent, the court may transfer in exceptional circumstances, . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."). In determining whether exceptional circumstances exist, courts should consider "case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, No. 5:15-MC-00064, 2015 WL 7308655, at *1 (N.D. Ohio Nov. 19, 2015) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). The Court must then weigh those circumstances against the interests of the nonparty in obtaining local resolution of the motion. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("The prime concern should be avoiding burdens on local nonparties subject to

subpoenas."). The decision whether to transfer a motion under Rule 45(f) is discretionary and may be made either on motion or *sua sponte*. *See*, *e.g.*, *F.T.C. v. A+ Fin. Ctr., LLC*, No. 1:13-MC-50, 2013 WL 6388539, *6 (S.D. Ohio Dec. 6, 2013); *Victim Servs., Inc. v. Consumer Fin. Prot. Bureau*, 298 F. Supp. 3d 26, 28 (D.D.C. 2018).

### III.   ANALYSIS

The undersigned finds that transferring Motion to Compel to the District of Maryland pursuant to Rule 45(f) is appropriate. That court is in a much better position to assess the scope of appropriate discovery, whether any burden of producing a Rule 30(b)(6) deposition witness is undue, and whether Plaintiff should be required to rely on party discovery prior to seeking testimony from Hikma. The United States District Court for the District of Maryland has presided over the Maryland litigation for nearly four years and has adjudicated previous discovery disputes. (*See* D. Md. Case No. 1:18-cv-3560, ECF No. 152). Moreover, there are additional discovery disputes in this case currently pending in the District of Maryland. (*See id.*, ECF Nos. 166.) Judicial economy will be best served by having all of these discovery disputes resolved by the same Court. *See also A+ Fin. Ctr.*, 2013 WL 6388539 at*3 (finding exceptional circumstances warranting transfer of subpoena-related motions to quash when transferring the matter was in "the interests of judicial economy and avoiding inconsistent results").

Further, the November 3, 2022 discovery deadline in the Maryland litigation is fast approaching. (*See* D. Md. Case No. 1:18-3560, ECF No. 167.) In such circumstances, "[t]ransfer can be appropriate when it would avoid interference with a time-sensitive discovery schedule issued in the underlying action." *Lipman v. Antoon*, 284 F. Supp. 3d 8, 12 (D.D.C. 2018). Such is the case here. *See*, *e.g.*, *Deman Data Sys. v. Schweikert*, No. CV 14-199-DLB-CJS, 2015 WL 12977016, at *2–3 (E.D. Ky. Jan. 12, 2015) (transferring under Rule 45(f), expressing

"concern[ ] that a ruling on the pending Motion to Compel may disrupt the [issuing court's] case schedule").

Moreover, the burden on nonparty Hikma of having this dispute adjudicated by the District of Maryland will be slight. Rule 45(f) allows counsel for Hikma to file papers and appear on the Motion to Compel as officer of the District of Maryland. Further, it is unlikely that any travel will be required of Ohio-based counsel, as all proceedings thus far in the Maryland litigation have been held via telephone conference. *See also Hayward Prop., L.L.C. v. Commonwealth Land Title Ins. Co.*, No. 20-50286, 2020 WL 3104288, at *2 (E.D. Mich. June 11, 2020) (transferring pursuant to Rule 45(f) and noting burden on nonparty would be minimal due to courts' widespread use of video- and teleconferencing in the wake of COVID-19). Thus, the undersigned finds any burden of transfer on Hikma to be outweighed by the exceptional circumstances outlined *supra*.

## IV. DISPOSITION

For the reasons set forth above, the Clerk is **DIRECTED** to **TRANSFER** Plaintiff's Motion to Compel to the District of Maryland, *Government Employees Health Association v. Actelion Pharmaceuticals Ltd., et al.*, No. 1:18-cv-3560, and close this miscellaneous action.


**IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE